**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Ann Garcia, | No. CV-20-00689-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Debra Garcia's Applications for Disability Insurance benefits and Supplemental Security Income benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 19, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 20, "Def. Br."), and Plaintiff's Reply (Doc. 24, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 14, "R.") and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 120–40).

**I.   BACKGROUND**

On June 2, 2015, Plaintiff filed an application for Disability Insurance benefits alleging disability beginning October 10, 2014. (*Id*. at 123.) On June 3, 2015, Plaintiff filed an application for Supplemental Security Income benefits also alleging disability beginning

October 10, 2014. (*Id*.) Plaintiff's claims were denied initially on November 6, 2015, and on reconsideration on November 16, 2016. (*Id*.) Plaintiff appeared before the ALJ for a hearing on her claims on October 22, 2018. (*Id*.) On February 27, 2019, the ALJ denied Plaintiff's claims and on February 7, 2020, the Appeals Council denied Plaintiff's Request for Review (*Id*. at 1–7, 134.)

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: fibromyalgia; cervical and lumbar spine degenerative disc disease; osteoarthritis of the bilateral hands; mild osteoarthritis of the bilateral knees; and mild rotator cuff tendinosis of the bilateral shoulders. (*Id*. at 125–26.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from October 10, 2014, through the date of the decision. (*Id.* at 133.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 128.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"), finding Plaintiff "has the [RFC] to perform the full range of light work." (*Id*. at 129.) Accordingly, the ALJ found Plaintiff "is capable of performing past relevant work as a receptionist, data entry operator, customer service representative, and mortgage loan processor." (*Id.* at 132.)

## II.     LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the

Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ typically follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III. ANALYSIS**

Plaintiff raises two issues for the Court's consideration. First, Plaintiff argues that the ALJ failed to provide sufficient reasoning for rejecting the medical opinions of Plaintiff's treating physician. (Pl. Br. at 13–20.) Second, Plaintiff argues that the ALJ erred by rejecting her symptom testimony. (*Id*. 20–23.)

For the reasons that follow, the Court rejects Plaintiff's arguments and finds that substantial evidence supports the ALJ's nondisability determination. The Court finds that

the ALJ provided specific and legitimate reasons for rejecting the opinions of Plaintiff's treating physician, Dr. Vikram Kapur. The ALJ reasonably determined that the doctor's opinions were inconsistent with the objective medical evidence and Plaintiff's conservative treatment. Further, the ALJ provided specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony. Again, the ALJ reasonably determined Plaintiff's symptom testimony was inconsistent with the objective medical evidence and Plaintiff's conservative treatment.

**A.    The ALJ correctly rejected Dr. Kapur's opinions based on their inconsistency with the objective medical evidence and Plaintiff's conservative treatment.**

Dr. Kapur completed two checkbox opinions regarding Plaintiff's functional limitations. On April 7, 2017, he offered opinions indicating that Plaintiff "could not perform exertional requirements for even sedentary work on a sustained basis." (Pl. Br. at 11; R. at 819–21.) Dr. Kapur also completed a Fatigue Questionnaire where he opined that Plaintiff's fatigue-related limitations would cause marked limitations in several areas, including: "[the] ability to understand and remember short, simple instructions . . . [the] ability to carry out short, simple instruction . . . [and the] ability to understand and remember detailed instructions." (R. at 818.) The ALJ rejected these opinions for two reasons. First, the ALJ found that "there are no objective findings in [Dr. Kapur's] reports to support either moderate to marked mental limitations or limitations to sitting, standing or walking." (*Id.* at 132.) Second, the ALJ found that Plaintiff's "treatment is mostly maintenance of her conditions." (*Id.*)

When evaluating medical opinion evidence, "[t]he ALJ must consider all medical opinion evidence," and there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating

physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(c)(1)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The Court finds that the ALJ reasonably rejected Dr. Kapur's opinions based on their inconsistency with the objective medical evidence and Plaintiff's conservative treatment. The ALJ reasonably concluded that Dr. Kapur's medical records largely do not corroborate the significant mental and physical limitations he opined to. (R. at 132.) As the ALJ noted, Dr. Kapur's treatment records routinely disclose that Plaintiff's physical examinations were largely normal, despite the presence of some positive findings. (*Id.* at 132, 747, 779, 788, 1220, 1243, 1260.) The ALJ also reasonably relied on the reviewing physicians' opinions that diagnostic imaging showed only mild findings. (*Id.* at 131.) Further, the ALJ reasonably determined that the opined-to mental limitations were unsupported by the objective medical evidence since Dr. Kapur's treatment records do not disclose mental limitations consistent with his opinions. (*Id.*) The ALJ was permitted to discount Dr. Kapur's opinions based on the lack of corroborative objective medical evidence. *See* 20 C.F.R. § 404.1527(c)(4); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2005).

Additionally, the ALJ reasonably determined that Dr. Kapur's opinions were inconsistent with Plaintiff's conservative treatment. Many of Dr. Kapur's treatment records indicate that Plaintiff saw him only for routine follow-up appointments and medication refills. (R. at 710, 716, 722, 728, 734, 740, 1205, 1207, 1211, 1217, 1223, 1229, 1235, 1258.) At several appointments Plaintiff's chief complaint was unrelated to her allegedly disabling impairments. (*Id.* at 728, 1211, 1235, 1275, 1281.) Ultimately, the ALJ's conclusion that Plaintiff's treatment was conservative is a reasonable one and is entitled to deference. And the ALJ was permitted to discount Dr. Kapur's opinions for this reason.

Plaintiff makes several arguments regarding the ALJ's rejection of Dr. Kapur's opinions, which the Court rejects.[1] Plaintiff argues the ALJ failed to account for Plaintiff's fatigue due to fibromyalgia. (Pl. Br. at 15.) Plaintiff argues that Dr. Kapur opined to limitations from fatigue but not from mental impairments. (*Id*.) First, the ALJ expressly considered Plaintiff's fatigue and Dr. Kapur's opinions regarding her fatigue. (R. at 129, 131.) Next, the ALJ reasonably concluded that Dr. Kapur opined to mental limitations even if they did not stem from mental impairments. And the ALJ correctly rejected Dr. Kapur's opinions regarding those mental limitations because they were uncorroborated by the evidence. The ALJ correctly relied on the lack of corroborating evidence for the opined-to limitations, including an examining physician's opinion that Plaintiff did not have any limitations in memory, understanding, or concentration. (*Id*. at 127, 132.) The ALJ reasonably determined this lack of findings was incongruent with Dr. Kapur's opinion that Plaintiff's fatigue-related limitations would cause marked limitations in several areas, including: "[the] ability to understand and remember short, simple instructions . . . [the] ability to carry out short, simple instruction . . . [and the] ability to understand and remember detailed instructions." (*Id*. at 818.) Plaintiff also argues the ALJ singled out unfavorable evidence and impermissibly opined regarding Plaintiff's diagnostic findings. (Pl. Br. at 18.) The Court disagrees. The ALJ correctly relied on other medical opinions that found Plaintiff's diagnostic imaging is inconsistent with disabling limitations and substantial evidence supports the ALJ's weighing of the evidence despite some findings favorable to Plaintiff. (R. at 131.) Finally, Plaintiff argues that the ALJ's finding that Plaintiff's treatment was conservative was insufficiently specific to reject Dr. Kapur's opinion. (Pl. Br. at 18–19.) Again, the Court disagrees. The ALJ cited many records, as

---

[1] In a footnote, Plaintiff appears to argue that the ALJ erred by giving greater weight to the reviewing physicians' opinions because those physicians had not reviewed the entire record before rendering their opinions. (Pl. Br. at 19–20.) But as Defendant correctly points out, the ALJ reasonably determined that the reviewing physicians' opinions were more consistent with the record than Dr. Kapur's opinions, and Plaintiff does not indicate any compelling evidence that would undermine the reviewing physicians' findings, despite the fact that they did not, and could not have, review all the most recent evidence in the record. (Def. Br. at 12.)

- 6 -

1  Plaintiff aptly identifies, but such citation was appropriate since these records largely
2  corroborate the ALJ's finding that Plaintiff's treatment was conservative. (R. at 132.)

**B.  The ALJ reasonably discounted Plaintiff's symptom testimony based on its inconsistency with the objective medical evidence and her conservative treatment.**

At her hearing before the ALJ, Plaintiff testified that she cannot sustain work because of pain in her back, neck, knees, shoulders, arms, and hands. (Pl. Br. at 12; R. at 39–40.) Plaintiff also testified that she experiences considerable fatigue, which requires her to lie down each day, twice a day, and for two hours at a time. (R. at 48–49.) The ALJ discounted Plaintiff's symptom testimony for the same reasons he discounted Dr. Kapur's opinion. The ALJ found that Plaintiff's testimony was uncorroborated by the objective medical evidence and inconsistent with her conservative treatment.[2] (*Id.* at 129–31.)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id.* at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective

---

[2] Defendant argues that the ALJ also cited Plaintiff's activities of daily living and improvement with treatment as bases for rejecting Plaintiff's symptom testimony. (Def. Br. at 18–19.) The Court disagrees and does not find that the ALJ relied on these reasons to reject Plaintiff's testimony. Nevertheless, the ALJ provided sufficient reasons for discounting Plaintiff's allegations.

- 7 -

complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Here, the ALJ provided specific, clear, and convincing reasons for rejecting Plaintiff's symptom testimony. Though the ALJ could not, and did not, rely solely on a lack of corroborating objective evidence for Plaintiff's allegations, substantial evidence supports the ALJ's consideration of the medical evidence. The ALJ noted that an examination of Plaintiff revealed normal findings, including the absence of swelling, normal range of motion, and no difficulty standing or walking. (R. at 129–30.) The ALJ also noted that diagnostics including x-rays and an MRI revealed only mild to moderate findings. (*Id*. at 130.) Other medical records support the ALJ's finding that, despite the presence of some symptoms, Plaintiff's allegations are uncorroborated by the objective medical evidence. Plaintiff's medical records consistently document that she regularly reported fatigue and pain, but that she was not in acute distress. (*Id*. at 710, 716, 722, 728, 734, 740, 1205, 1207, 1211, 1217, 1235, 1258, 1275, 1293.) The ALJ reasonably determined that these records do not corroborate the magnitude of her allegations. Plaintiff argues that the findings cited by the ALJ do not undermine her complaints related to fibromyalgia and fatigue. (Pl. Br. at 22) But the Court disagrees and finds that the ALJ reasonably concluded that the minimal corroboration of Plaintiff's allegations in her medical records undermined her testimony. Though this basis could not be the ALJ's sole reason for discounting Plaintiff's symptom testimony, the ALJ reasonably relied in part on the lack of corroborating evidence for discounting Plaintiff's allegations.

The ALJ also properly discounted Plaintiff's symptom testimony based on her conservative treatment. This was a permissible basis for the ALJ to reject Plaintiff's symptom testimony. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (finding that evidence of conservative treatment is a sufficient reason to discount a claimant's symptom testimony). Here, substantial evidence supports the ALJ's conclusion that Plaintiff's treatment was routine and conservative. The medical evidence reveals that many of Plaintiff's medical appointments were for medication refills. (R. at 710, 716, 722, 728,

734, 740, 1205, 1207, 1211, 1217, 1223, 1229, 1235, 1258.) Plaintiff argues that her treatment was not actually conservative.[3] (Reply at 9.) The Court disagrees and finds the ALJ reasonably concluded Plaintiff's treatment was, in fact, conservative based on her treatment records. Because the ALJ's conclusion is reasonable, it is entitled to deference.

Finally, the Court rejects Plaintiff's argument that the ALJ did not identify any specific testimony that was undermined by the medical evidence. (Pl. Br. at 22.) The ALJ is not required to identify every isolated allegation that is undermined by the evidence, and the ALJ's opinion makes clear that Plaintiff's testimony as a whole was undermined by a lack of corroborating evidence and treatment.

## IV.   CONCLUSION

Substantial evidence supports the ALJ's nondisability determination. The ALJ correctly rejected Dr. Kapur's treating physician opinions because they were inconsistent with the objective medical evidence and Plaintiff's conservative treatment. The ALJ also reasonably discounted Plaintiff's symptom testimony for the same reasons. Substantial evidence supports the ALJ's conclusions that Plaintiff's symptom testimony was inconsistent with the objective medical evidence and her conservative treatment.

**IT IS THEREFORE ORDERED** affirming the decision of the Administrative Law Judge (R. at 120–40).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 7th day of May, 2021.

Douglas L. Rayes
United States District Judge

---

[3] Plaintiff argues this point while discussing the ALJ's analysis of Dr. Kapur's opinion but it applies with equal force to the ALJ's analysis of her symptom testimony.